# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

### No. 201700153

————————————

## UNITED STATES OF AMERICA
Appellant

v.

## CHRISTOPHER M. MOTTINO
Lieutenant (O-3), U.S. Navy

Appellee

————————————

Review of Government Appeal Pursuant to Article 62(b), UCMJ

Military Judge: Captain Ann K. Minami, JAGC, USN.
Convening Authority: Commander, Navy Region Northwest, Silverdale, WA.
For Appellant: Major Kelli A. O'Neil, USMC.
For Appellee: Lieutenant Doug Ottenwess, JAGC, USN.

————————————

Decided 27 July 2017

————————————

Before MARKS, CAMPBELL, and JONES, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

The United States has appealed, pursuant to Article 62(a)(1)(B), Uniform Code of Military Justice (UCMJ), the military judge's ruling that excluded all evidence of child pornography found during searches of the appellee's cellular phone. The government asserts the military judge failed to make the requisite determination, prior to excluding evidence of an unlawful search, that "the exclusion of the evidence results in the appreciable deterrence of future unlawful searches or seizures and the benefits of such deterrence outweigh the costs to the justice system." MILITARY RULE OF EVIDENCE (MIL.

R. EVID.) 311(a)(3), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).

We hold that the military judge's findings of fact are not clearly erroneous, but that her analysis and application of the law do not include the balancing test required under MIL. R. EVID. 311(a)(3). The appeal is granted.

## I. BACKGROUND

In February 2016, the Kitsap County Sheriff's Office, in the state of Washington, conducted a proactive prostitution sting operation. The appellee was arrested soliciting a prostitute, and his cellular phone was seized. The appellee denied Detective M permission to search his phone, but did provide the passcode to unlock it. Detective M obtained a search warrant to extract call logs, phone contacts, web browser history, text message conversations, digital photo albums, and videos from the phone.

Detective M then used a Cellebrite machine, which contains software that allows law enforcement to select specific portions of a device, such as a smart phone, for extraction. In spite of this, she downloaded almost everything from the phone. Simultaneously, she manually searched the phone, opening a Kik messaging application and viewing child pornography contained in a conversation the appellee had with an unknown user. In a second conversation, she saw that the appellee also sent child pornography. She then sought an additional search warrant for evidence of alleged possession and distribution of child pornography. After searching the phone again, she discovered that the appellee used a file hosting service to send and receive child pornography, so she secured a third warrant. Ultimately, more than 9,000 child pornography files were found either on the appellee's phone or in his account with the file hosting service.

Civilian authorities indicted the appellee on charges relating to the possession and distribution of child pornography. The defense moved to suppress all evidence from the phone based on the initial search warrant being overbroad. The Kitsap County Superior Court agreed and suppressed the evidence in a ruling that the initial warrant lacked sufficient particularity, that there was an insufficient nexus between patronizing a prostitute and a search of the entire phone of the appellee, and that the Kik application opened by the detective was not related to soliciting a prostitute. The state court further ruled that the original affidavit describing the detective's training and experience did not sufficiently support probable cause to search all of the areas granted in the warrant. All charges were dropped.

On 3 March 2017, the appellee was arraigned at a general court-martial on three specifications of wrongful possession of child pornography, in

violation of Article 134, UCMJ, 10 U.S.C. § 934. The defense promptly filed a suppression motion, which was granted by the military judge on 28 April 2017. The military judge's written ruling echoed the rationale of the Kitsap County Superior Court and concluded that: (1) there was insufficient probable cause to search much of the phone; (2) the warrant lacked sufficient particularity; (3) the plain view, inevitable discovery, and good faith exceptions were inapplicable; and (4) "[s]uppression will serve the exclusionary rule's goal of deterrence."[1]

## II. DISCUSSION

"In an Article 62, UCMJ, appeal, this [c]ourt reviews the military judge's decision directly and reviews the evidence in the light most favorable to the party which prevailed at trial." *United States v. Henning*, 75 M.J. 187, 190-91 (C.A.A.F. 2016) (citation and internal quotation marks omitted). "We review a military judge's ruling on a motion to suppress for abuse of discretion. . . . [W]e review factfinding under the clearly-erroneous standard and conclusions of law under the *de novo* standard." *Id*. (citations and internal quotation marks omitted). "[W]here the military judge places on the record h[er] analysis and application of the law to the facts, deference is clearly warranted." *United States v. Flesher*, 73 M.J. 303, 312 (C.A.A.F. 2014) (citations and internal quotation marks omitted).

The rule regarding evidence obtained from unlawful searches and seizures states:

(a) *General rule.* Evidence obtained as a result of an unlawful search or seizure made by a person acting in a governmental capacity is inadmissible against the accused if:

(1) the accused makes a timely motion to suppress or an objection to the evidence under this rule;

(2) the accused had a reasonable expectation of privacy in the person, place, or property searched; the accused had a legitimate interest in the property or evidence seized when challenging a seizure; or the accused would otherwise have grounds to object to the search or seizure under the Constitution of the United States as applied to members of the Armed Forces; *and*

*(3) exclusion of the evidence results in appreciable deterrence of future unlawful searches or seizures and the benefits of such deterrence outweigh the costs to the justice system.*

---

[1] Appellate Exhibit VII, pages 21-22.

MIL. R. EVID. 311(a) (second emphasis added).

Although the military judge concluded that "[s]uppression will serve the exclusionary rule's goal of deterrence,"[2] her ruling is devoid of any analysis regarding prong three. She did not quantify how appreciable that deterrence is, nor did she balance the benefits of such deterrence against the costs to the justice system, as required by MIL. R. EVID. 311(a)(3). *See United States v. Wicks*, 73 M.J. 93, 104 (C.A.A.F. 2014) (military judge's ruling clearly identified three factors favoring exclusion). The military judge abused her discretion by concluding that exclusion was appropriate without conducting the required balancing test, and we decline the parties' invitation to conduct that analysis on the military judge's behalf.

### III. CONCLUSION

The appeal is granted, and the military judge's ruling suppressing the evidence is set aside. The stay of proceedings is lifted. The record of trial is returned to the Judge Advocate general for transmittal to the convening authority. The military judge may rule on the defense motion to suppress after compliance with MIL. R. EVID. 311(a)(3).

For the Court

R.H. TROIDL
Clerk of Court

---

[2] *Id.* at 22.